## ASA WILSON *versus* BENJAMIN EATON.

In a writ of entry, a parcel of land, described in the count as an entire tract, was demanded. But only a part of the land demanded was in dispute between the parties, and that part was within the tenant's enclosure ; the residue being within the enclosure of the demandant. After a plea of an entry by the demandant, pending the suit in abatement of the writ, it appearing that the demandant had only entered upon the parcel of the land which was within his own enclosure ; the court permitted the demandant to amend his count so as to confine his demand to the parcel within the tenant's enclosure, upon terms.

THIS was a writ of entry, in which the demandant counted upon his own seizin of a tract of land in Sandown, "being lot No. 12, in the upper range of lots, originally laid out to the right of Moses Sleeper," and upon a disseizin by the tenant.

At August term, 1829, the defendant pleaded as follows—

And now, at this day, viz. on the first Tuesday of August, 1829, until which day the plea aforesaid was last continued, comes the said B. E. and prays judgment of the writ aforesaid of the said W. because, he says, that

Wilson
v.
Eaton.

after the last continuance, of this cause, to wit, the third Tuesday of February last past, and before this day, that is to say, on the 30th June, now last past, the said A. W. unjustly entered into the premises demanded in said writ and became thereof seized in his demense as of fee, and this the said E. is ready to verify ; wherefore he prays judgment of the said writ, and that the same may be quashed, &c.

After this plea was filed, *French*, for the demandant, moved for leave to amend his count, by striking out the description of the demanded premises, and inserting in lieu thereof, a description of a small tract of land, parcel of the same premises, and in support of his motion he cited Com. Dig. "Abridgement," A 1 ; 3 Lev. 68 ; 16 Mass. Rep. 348, *Somes* v. *Skinner.*

*Bell*, for the tenant, objected to the amendment as without precedent. In no book, ancient or modern, is there the slightest allusion to any such amendment. All the books state broadly, that, if the demandant enter into the demanded premises pending the writ, the writ shall abate. Jackson's Real Actions, 142, 165 ; Stearns, 215 ; 1 Com. Dig. 82, 97.

The ancient law relative to the abridging of plaints in real actions, never applied to a case like this. The cases where an abridgement was permitted were those, where non tenure, joint tenancy, &c. were pleaded in abatement of part of the demand, and where the writ was general. Com. Dig. "Abridgement," A 1 and A 2 ; 3 Lev. 68.

In this case the writ is not general ; the demand is of an entire thing.

Upon enquiry of the counsel, it was ascertained that the parcel of land in dispute, and which the demandant proposed to describe in his amended count was within the limits of the tenant's enclosure, and that the demandant had not entered into that parcel pending the suit and the court allowed the amendment upon terms.